UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BKDJ INVESTMENT LLC                          CIVIL ACTION NO.:

VERSUS                                       JUDGE:

NATIONWIDE MUTUAL INSURANCE                  MAGISTRATE JUDGE:
COMPANY D/B/A SCOTTSDALE
INSURANCE COMPANY

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE U. S. DISTRICT COURT FOR THE EASTERN
DISTRICT OF LOUISIANA:

**NOW INTO COURT**, through undersigned counsel, comes defendant Scottsdale

Insurance Company ("Scottsdale"), who respectfully files this Notice of Removal based

on the following:

1.

Plaintiff, BKDJ Investment, LLC, filed suit in the Civil District Court for the Parish

of Orleans, State of Louisiana, in the action entitled *BKDJ Investment, LLC* v. *Nationwide*

*Mutual Insurance Company D/B/A Scottsdale Insurance Company*, Docket No. 2021-

05823, Division "F-14," on or about July 9, 2021.[1] Nationwide Mutual Insurance Company

filed a peremptory exception of no right of action on May 4, 2022,[2] because Nationwide

Mutual Insurance Company was not the Plaintiff's insurer on the subject date of loss.

Following this, the Plaintiff filed a Motion for Leave to File First Amended Complaint on

June 6, 2022.[3] However, this amended peition was not stylized as an amended petition

and was entitled "Petition for Breach of Contract and Damages."[4] This "amended" petition

---

[1] Exhibit A, State Court Pleadings, Plaintiff's Original Petition
[2] Exhibit A, State Court Pleadings, Nationwide's Peremptory Exception of No Right of Action
[3] Exhibit A, State Court Pleadings, Plaintiff's Motion for Leave to File First Amended Complaint
[4] Id.

correctly named Scottsdale Insurance Company as a defendant, but did not expressly dismiss Nationwide Mutual Insurance Company as a party to this litigation. As such, Nationwide Mutual Insurance Company was forced to continue with its peremptory exception of no right of action, which had still not been heard. In fact, original counsel for the plaintiff withdrew as counsel on June 27, 2022[5], and because the plaintiff was unrepresented at the hearing regarding Nationwide Mutual Insurance Company's peremptory exception of no right of action,[6] the hearing had to be delayed. A consent judgment was filed into the record on January 12, 2023, dismissing Nationwide Mutual Insurance Company without prejudice and granting the Plaintiff's Motion for Leave to File First Amended Complaint.[7] However, because of an unclear set of circumstances between the Plaintiff's current counsel, his formal counsel and the Clerk of Court, Scottsdale was not served through the Louisiana Secretary of State with the Petition until September 28, 2023. However, Scottsdale received actual notice of service of the lawsuit on October 3, 2023, when the Louisiana Secretary of State sent via certified mail the initial pleading to Scottsdale's agent, CSC. See *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Grp.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001). Scottsdale has not filed an Answer to Plaintiff's Petition.

2.

As the United States Supreme Court explained in *Murphy Bros. v. Michetti Pipe Stringing*, "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal

---

[5] Exhibit A, State Court Pleadings, Donovan Francis's Motion to Withdraw as Counsel of Record
[6] Exhibit A, State Court Pleadings, August 19, 2022 Signed Judgment
[7] Exhibit A, State Court Pleadings, January 12, 2023 Consent Judgment

process." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999). "Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* Scottsdale did not receive service or actual notice of the Petition until October 3, 2023. Therefore, Scottsdale was not subject to the powers of the Civil District Court for the Parish of Orleans in connection with the subject lawsuit until October 3, 2023. "Only after a party is subject to the powers of a court, must it seek to effect removal." *Thompson v. Deutsche Bank Nat'l Tr. Co.,* 775 F.3d 298, 303 (5th Cir. 2014). Accordingly, Scottsdale did not have an opportunity to file for removal within the one-year period in 28 U.S.C. § 1446(c)(1).

3.

For the reasons set forth below, Scottsdale respectfully suggests that this Court has subject matter jurisdiction over this proceeding in accordance with 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

In addition, as explained in more detail below, Scottsdale only became aware of the removability of this matter on October 31, 2023, when it received, for the first time. an estimate for repair from the plaintiff. Scottsdale is filing this notice of removal less than 30 days from October 31, 2023.

5.

As reflected in Plaintiff's Petition, BKDJ Investment, LLC is "an active, chartered, and Louisiana registered limited liability corporation, licensed in good standing and domiciled in New Orleans, Louisiana."[8] The Plaintiff's business filings with the Louisiana Secretary of State indicate that the Plaintiff is a limited liability company.[9]  Citizenship of a Limited Liability Company is determined by the citizenship of its members. 28 U.S.C. § 1332. Plaintiff's business filings with the Louisiana Secretary of State indicate that Plaintiff has two members, Diedra Stanton and Bernard Keyes, Sr., both of whom are domiciled at 1977 Law St., New Orleans, Louisiana 70119. Accordingly, the members of BKDJ Investment, LLC are Louisiana domiciliaries. Therefore, Plaintiff is a Louisiana citizen for purposes of diversity jurisdiction.

6.

As reflected in the Petition, Scottsdale is "a foreign insurer licensed to do and so doing business in the State of Louisiana."[10] For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332. Scottsdale is an Ohio corporation with its principal place of business in Ohio.[11] Accordingly, Scottsdale is a citizen of Ohio.

7.

Plaintiff is a citizen of Louisiana. Scottsdale is a citizen of Ohio. Therefore, the parties in this case are completely diverse.

---

[8] Exhibit A, State Court Pleadings, Plaintiff's Petition
[9] Exhibit B, BKDJ Investment, LLC Louisiana Secretary of State filing
[10] Exhibit A, State Court Pleadings, Plaintiff's Petition
[11] Exhibit C, Ohio Secretary of State Records for Scottsdale Insurance Company.

8.

A defendant seeking to remove a case must also establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 to maintain diversity jurisdiction. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). A defendant may prove the jurisdictional amount in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

9.

The allegations in Plaintiff's Petition, combined with Scottsdale's claims history for Plaintiff's claim, together indicate that the amount in controversy exceeds the jurisdictional amount set forth under 28 U.S.C. § 1332(a).

10.

On October 31, 2023, second counsel for the plaintiff sent an estimate for repair to Scottsdale, generated by Building Damage Consultants and dated September 24, 2020, and totaling $120,509.60, representing $106,009.60 in dwelling losses and $14,500.00 in fair rental value losses.[12] This estimate was the first time that Scottsdale was put on notice that the amount in controversy exceeded $75,000.00.[13] Prior to Scottsdale receiving this estimate, Scottsdale believed that the amount demanded from

---

[12] Exhibit D, Plaintiff's Demand Letter and estimate, dated September 24, 2020; however, undersigned counsel represents that, upon information and belief, Scottsdale did not receive these documents until October 31, 2023.
[13] See Exhibit E, Email correspondence from plaintiff's counsel, this is an "other paper" as contemplated by 28 U.S.C. §1446(b)(3).

the plaintiff amounted to $12,220.00, as described in the police report associated with the theft of two electrical panels and associated wiring.[14] In plaintiff's original Petition, the "loss" was described as, "…Plaintiff's insured property was vandalized of valuable equipment, wires, and other items and materials…"[15] No other structure/dwelling claims were set forth in the Petition or made known to Scottsdale at that time.

As previously stated, the police report stated that the value of the allegedly stolen items was only $12,220.00. It was reasonable for Scottsdale to rely on that representation when determining the total damages exposure in the case. Although plaintiff had made claims for loss of rental income, loss of use and additional living expenses in his original and "amended" Petition, there is no coverage for such claims under the applicable Scottsdale policy.[16] In fact, the only property coverage is under "A"-Dwelling, under this policy.[17]  Scottsdale was essentially blindfolded as to the amount in controversy of this matter. Along with this newly disclosed estimate, the Plaintiff sent a demand for payment of $123,009.60. This estimate includes significantly more than replacement of electrical panels and wiring. It calls for extensive interior opening of walls and work throughout the house. To date, Scottsdale has made no prior payments on Plaintiff's claim. Thus, based solely upon the demand and estimate, Plaintiff seeks at least $120,509.60 in contractual losses.  Until receipt of this newly disclosed estimate on October 31, 2023, Scottsdale was prevented from having a basis to remove this action.

---

[14] See Exhibit F, New Orleans Police Department Incident Report.
[15] Exhibit A, State Court Pleadings, Plaintiff's "Amended" Petition, Paragraph 8
[16] Exhibit G, Certified Policy, Policy no. DFS29*06099, declarations page
[17] *Id.*

11.

Plaintiff further alleges that Scottsdale violated Louisiana's bad faith statutes, including La. R.S. 22:1892 and 22:1973.[18] If Scottsdale is found to have violated La. R.S. 22:1892, Plaintiff could be entitled to an award of penalties up to half the amount it is found to be owed under the policy, plus attorney fees.

12.

Accordingly, upon information and belief, Plaintiff seeks as much as $60,254.80 in penalties under La. R.S. 22:1892, plus attorney's fees (i.e., a sum of $180,764.40, plus attorney's fees).

13.

Further, if Scottsdale is found to have violated La. R.S. 22:1973, Plaintiff could be entitled to an award of penalties that equal as much as double the amount of its damages, plus any damages incurred as a consequence of Scottsdale's alleged failure to pay, plus attorney fees. La. R.S. 22:1973(C).

14.

Accordingly, upon information and belief, Plaintiff seeks at least $241,019.20, in penalties under La. R.S. 22:1973. Thus, the total amount in controversy well exceeds the jurisdictional amount of $75,000.00.

15.

---

[18] Exhibit A, State Court Pleadings, Plaintiff's "Amended" Petition

Therefore, because Plaintiff is diverse from Defendant, and because the amount in controversy exceeds the jurisdictional amount, 28 U.S.C. § 1332 grants this Court original jurisdiction over this action. § 28 U.S.C. § 1441 further authorizes the removal of this action to this Court.

16.

Scottsdale is the only named defendant in this lawsuit and thus is not required to seek the consent of any other defendant. 28 U.S.C. § 1446(b)(2)(a).

17.

A copy of this Notice of Removal is being served on Plaintiff through its counsel of record and a copy of said Notice of Removal will be filed promptly with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

18.

Based on information and belief, Exhibit "A" hereto consists of all pleadings and process contained in the state court record as of the date of the filing of this Notice of Removal.  Exhibit "A" includes the following documents: Plaintiff's Petition for Damages, Service copies of Petition issued, and all other pleadings filed in connection with the state court proceedings.

19.

Scottsdale expressly reserves any and all defenses, whether in law or in fact, including but not limited to, lack of jurisdiction, improper venue, insufficient service of process, prescription, laches, failure to state a claim upon which relief can be granted and/or limitation of liability on its own behalf and/or on behalf of its underwriters.

**WHEREFORE**, Defendant, Scottsdale Insurance Company, prays that this Court recognize and exercise its jurisdiction over this matter and that the civil action instituted by Plaintiff in the Civil District Court for the Parish of Orleans, State of Louisiana, in the action entitled *BKDJ Investment LLC v. Scottsdale Insurance Company*, Docket No. 2021-05823, Division "F-14," be removed to this Court for all further proceedings.

Respectfully submitted:

__s/ Mark E. Hanna_____
MARK E. HANNA (#19336)
KATHRYN L. BRIUGLIO (#40291)
DOMINIC J. CARMELLO (#40306)
MOULEDOUX, BLAND, LEGRAND &
     BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone (504) 595-3000
Facsimile: (504) 522-2121
E-mail: mhanna@mblb.com
         kbriuglio@mblb.com
         dcarmello@mblb.com

*Attorneys for Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by electronic mail to the following:

**Plaintiff, BKDJ Investment, LLC, through its counsel of record:**
John A. Venezia (#23963)
Venezia & Associates, APLC
650 Poydras Street
Suite 2828
New Orleans, Louisiana 70130
Telephone: (504) 486-3910
E-mail: JohnVenezia@venezialaw.net                    *s/Mark E. Hanna*